United States District Court
Southern District of Texas
**ENTERED**
June 05, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Shu Sean Zheng and Jia Geng, | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | Civil Action H-25-3304 |
| | § | |
| State Farm Lloyds, | § | |
| *Defendant*. | § | |

## ORDER

Pending before the court is Defendant's Motion for Leave to File First Amended Answer. ECF Nos. 24, 25. The motion is **GRANTED**. The Clerk of Court shall file ECF No. 24-1 on the docket as Defendant's First Amended Answer.

Also pending is Plaintiffs' Motion for Leave to File Second Amended Complaint. ECF No. 26. The motion seeks to add allegations in support of Plaintiffs' argument that State Farm County Mutual Insurance Company of Texas (SFCMICT) was not improperly joined. The motion is **DENIED**. Plaintiffs' proposed Second Amended Complaint does not add any information that would alter the court's decision set forth in the November 12, 2025 Order denying remand and dismissing SFCMICT from this case.

Finally, Plaintiffs have filed a Motion for Reconsideration of the court's November 12, 2025 Order. The motion is **DENIED**. Rule 54(b) "permits the district court to reconsider and reverse its decision for any reason it deems sufficient." *Ryan v. Phillips 66*, 838 F. App'x 832, 836 (5th Cir. 2020) (quoting *McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018)) (internal quotation marks omitted). Courts have discretion to decide whether to grant a motion for reconsideration of an interlocutory order, such as the one under consideration here. *Deeds v. Whirlpool Corp.*, No. H-15-

2208, 2017 WL 3437772, at *10 (S.D. Tex. Aug. 10, 2017), *aff'd*, 764 F. App'x 407 (5th Cir. 2019); *see also Vlasek v. Wal-Mart Stores, Inc.*, No. H-07-0386, 2008 WL 167082, at *1 (S.D. Tex. Jan. 16, 2008) ("Motions to reconsider interlocutory orders are left to the court's discretion so long as not filed unreasonably late.").

Nevertheless, "[t]he court should only reconsider a prior ruling when 'the moving party has presented substantial reasons for reconsideration.'" *Fed. Ins. Co. v. C.D. Henderson Inc.*, No. A-07-CA-982-SS, 2009 WL 10670098, at *2 (Bankr. W.D. Tex. Feb. 20, 2009) (quoting *Anderson v. Red River Waterway Comm'n*, 16 F. Supp. 2d 682, 683 (W.D. La. 1998), *aff'd*, 231 F.3d 211 (5th Cir. 2000)). Drawing on the considerations underlying Rules 59 and 60, courts analyze factors such as: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *Deeds*, 2017 WL 3437772, at *12 (quoting *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002); *see also Washington ex rel. J.W. v. Katy Indep. Sch. Dist.*, 403 F. Supp. 3d 610, 617 (S.D. Tex. 2019) (conceptualizing the same Rule 59(e) considerations as four factors instead of three).

None of these factors are present here. The court understands that Plaintiffs disagree with the court's analysis. That is common, however. The court carefully considered the arguments, evidence, and law in coming to its conclusions. Nothing in Plaintiffs' Motion for Reconsideration calls into question the court's ruling. The Motion is therefore **DENIED**.

In the same Motion for Reconsideration, Plaintiffs ask the court to certify the November 12, 2025 Order for interlocutory appeal. That motion is also **DENIED**. The Fifth Circuit Court of Appeals normally has jurisdiction to review only final decisions, i.e., decisions that end litigation on the merits. *Silverthorne Seismic, L.L.C. v. Sterling Seismic Servs., Ltd.*, 125 F.4th 593, 598

(5th Cir. 2025). "A party unhappy with an interlocutory ruling must wait until . . . final judgment, when it can appeal all claims of error at once." *Id.* However, there is a "narrow exception" to the final-judgment rule. *Id.* A district court may "certify an order for interlocutory appeal where (1) the 'order involves a controlling question of law,' (2) 'there is substantial ground for difference of opinion' on that question, and (3) an immediate appeal 'may materially advance the ultimate termination of the litigation.'" *Id.* at 598 (quoting 28 U.S.C. § 1292(b)).

The Fifth Circuit has stated that interlocutory appeals are generally disfavored, and that Section 1292(b) must be strictly construed. *Id.* An interlocutory appeal "is not a vehicle to question the correctness of a district court's ruling or to obtain a second, more favorable opinion." *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 722 (N.D. Tex. 2006). Certification of an order for interlocutory appeal is at the court's discretion. *United States v. Caremark, Inc.*, 634 F.3d 808, 814 (5th Cir. 2011); *Hidden Cove Park & Marina v. Lexington Ins. Co.*, No. 17-CV-193, 2018 WL 501079, at *1 (E.D. Tex. Jan. 22, 2018).

There is no controlling question of law at issue here. Plaintiffs merely disagree with the court's application of the law to the facts, as well as the court's analysis of the facts before it. Interlocutory appeal is therefore inappropriate, and the request for certification is **DENIED**.

Signed at Houston, Texas, on June 5, 2026.

_____
Peter Bray
United States Magistrate Judge

3